IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAMIEN GREEN,

            Plaintiff,

v.

DAWN M. LAURENT, KARAN ANDERSON,
DR. MYIER, DR. NORGE,
DS-1 UNIT MANAGER MELBY,
SECURITY DIRECTOR WEBBER, MICHAEL MEISNER,
DR. LESER, OFFICER EXNER, OFFICER RANKER,
OFFICER BOILER, OFFICER KEARNS, DR. WOOD,
LT. MORRISON, and JOHN DOES,

            Defendants.

OPINION and ORDER

14-cv-326-jdp[1]

---

Pro se plaintiff Damien Green, a prisoner currently incarcerated at the Columbia Correctional Institution, has filed this proposed civil lawsuit under 42 U.S.C. § 1983 alleging that he was allowed to stockpile medication while he was placed in observation, enabling him to attempt suicide by overdosing, and that he was forced to live in a cold and unsanitary cell. Plaintiff has also filed a motion for appointment of counsel and a letter about his current conditions in administrative confinement. Plaintiff seeks leave to proceed *in forma pauperis*, but he has struck out under 28 U.S.C. § 1915(g), which means that he cannot obtain indigent status under § 1915 in any suit he files during the period of his incarceration unless he alleges facts in his complaint from which an inference may be drawn that he is in imminent danger of serious physical injury.

---

[1] This case was reassigned to me pursuant to a May 19, 2014 administrative order. Dkt. 7.

1

After considering plaintiff's allegations, I conclude that he does not provide enough explanation of his conditions of confinement to tell whether he was in imminent danger of serious physical injury at the time he filed his complaint, so I will give him a short deadline to provide an amended complaint including this information. In addition, I will give him a chance to provide his six-month trust fund account statement so that I can determine whether plaintiff qualifies financially for *in forma pauperis* status. Finally, I will deny his motion for appointment of counsel without prejudice and disregard the allegations about his current placement in administrative confinement because they do not appear to be related to the conditions in observation.

The following facts are drawn from plaintiff's complaint and attached documents.

### ALLEGATIONS OF FACT

Plaintiff Damien Green is a prisoner incarcerated at the Columbia Correctional Institution. Plaintiff suffers from major depressive disorder and general anxiety disorder. Plaintiff also "experiences adjustment problems" that lead him to be placed in solitary confinement. Prior to the events discussed in this opinion, plaintiff attempted suicide by consuming a large number of pills while he was in solitary confinement for observation.

The DS-1 unit at the Columbia Correctional Institution is a maximum security segregation unit. Prisoners can be placed in this unit regardless whether they are mentally ill. Prisoners in the unit are allowed to possess "non-controlled" medications such as Tylenol, aspirin, allergy medications, and blood pressure medications. Upon arrival at DS-1, a prisoner was allowed to possess all of his non-controlled medication without staff reviewing his medical health history or history of self harm. Neither DS-1 staff nor Health Services Unit

staff checks to see whether prisoners are taking their medications as directed or stockpiling them. It was prison staff's practice to not pre-emptively place "no medication" restrictions on prisoners on observation, which would have forced staff to dispense non-controlled medication individually. Instead, staff would wait until a prisoner overdosed to place the restriction on him. As a result, there have been many instances of prisoners in the DS-1 unit overdosing on medications they had stocked in their cells.

Defendants Anderson, Meisner, Webber, Melby, Morrison, and unidentified individuals acting as the current HSU manager and deputy warden were aware of the high incidence of prisoner overdoses yet failed to require non-controlled medications dispensed by staff, even for prisoners who had a history of overdoses, mental illness, or were otherwise "at risk."

Plaintiff was placed in observation in the DS-1 unit on December 26, 2013. Plaintiff was "stressed out, depressed and wanted to kill himself." In particular, plaintiff was depressed by the DOC's failure to provide him treatment and decision to place him in a cell with another prisoner even though he was used to being in a cell alone. Plaintiff "quickly decompensated," and on January 21, 2014, he overdosed on medication by consuming over 90 pills, consisting of both controlled and uncontrolled medications. Plaintiff took the medications in front of defendant Dr. Norge, who stayed at the cell talking to plaintiff for 30 minutes before getting help. Plaintiff was taken to a hospital in Portage and then transported by helicopter to the UW Hospital in Madison, where he remained in intensive care for about a week.

Upon returning to CCI, plaintiff was placed back into observation status. Plaintiff told Norge that he wanted to die and would attempt suicide again when he got the chance.

Plaintiff was not given a medication restriction. Plaintiff again "decompensated" and on January 31, 2014 overdosed by taking 60 pills of both controlled and uncontrolled medication. Plaintiff took the pills in front of Norge, who waited 20 minutes to go for help. Plaintiff was taken to a hospital in Portage where he remained for treatment. Upon plaintiff's return to CCI, he was again placed in observation status. Plaintiff told Norge he was going to attempt suicide again when given the chance.

Plaintiff was in observation status for 71 days. The cell did not have adequate heat, he was denied "hygene materials" such as adequate toilet paper, was not allowed to shower, brush his teeth, clip his nails, or wash his face, and the cell was "overrun" with ants and bed bug-like insects. He was allowed to change his smock twice in 71 days. Despite the lack of adequate toilet paper, plaintiff was required to eat with his hands. Eventually he stopped eating or drinking for 15 days. He was not allowed to read books "or do any of the things that, under the circumstances, would be welcome." During his stay in observation, plaintiff suffered from persistent back, hip, pelvic, and neck pains. Plaintiff spoke to defendants Norge and Leser but they would not fix the problems.

## OPINION

### A.    Imminent Danger

Plaintiff seeks leave to proceed *in forma pauperis* in this case. However, as stated above, plaintiff has struck out under 28 U.S.C. § 1915(g). This provision reads as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be

4

granted, unless the prisoner is under imminent danger of serious physical injury.

On at least three prior occasions, plaintiff has brought actions that were dismissed because they were frivolous, malicious or failed to state a claim upon which relief may be granted. *Green v. Ralston Foods*, 10-cv-496-slc (W.D. Wis. Jan. 27, 2011); *Green v. Grams*, 10-cv-745-slc (W.D. Wis. Jan. 19, 2012); *Green v. United States*, 11-cv-163-slc (W.D. Wis. Aug. 6, 2012). Therefore, he cannot proceed *in forma pauperis* in either of his cases unless I find that he has alleged that he is in imminent danger of serious physical injury.

To meet the imminent danger requirement of 28 U.S.C. § 1915(g), a prisoner must allege a physical injury that is imminent or occurring at the time the complaint is filed and show that the threat or prison condition causing the physical injury is real and proximate. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Heimermann v. Litscher*, 337 F.3d 781 (7th Cir. 2003); *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). In his complaint, plaintiff discusses the prison's practice of allowing mentally ill and suicidal inmates in DS-1 to stockpile medications even after there were numerous instances of overdoses, including two by plaintiff. He also alleges that the conditions of his cell were unsanitary and cold.

There is no question that these allegations state colorable Eighth Amendment claims against various prison officials for past harm, but claims of past harm do not meet the imminent danger standard. Plaintiff's allegations are vague as to whether he was in imminent danger of serious physical harm at the time he filed his complaint. The way plaintiff couches his allegations in the past tense, along with his statement that he was housed in DS-1 observation for 71 days, makes it seem as though plaintiff has been removed from observation and no longer faces the harm. Even to the extent that he could theoretically find

5

himself back in observation, he does not explain whether he would be allowed to stockpile medication following his two suicide attempts, and without further explanation from plaintiff I am not inclined to say that the unsanitary and cold conditions of confinement there placed him in imminent danger of serious physical harm.

Because plaintiff's allegations are vague on the imminent danger issue, I will give him a short deadline to file an amended complaint explaining what *imminent* harm he faced at the time he filed his complaint. In particular, plaintiff should explain whether and/or when he was removed from observation, what risk there is of being placed back in that unit, and what he fears would happen if he was placed there, including whether his medications would be restricted or he would be allowed to stockpile them again. Alternatively, plaintiff is free to submit the full $350 filing fee and I will proceed to formally screen the claims in his complaint.

## B. Initial Partial Payment

In addition, plaintiff has not shown that he qualifies to proceed *in forma pauperis* from the financial standpoint. Under 28 U.S.C. § 1915, this determination is made by analyzing plaintiff's prison trust fund account statement for the six-month period preceding the filing of the complaint. Plaintiff has submitted one month worth of information, which does not suffice. Plaintiff's complaint was filed on May 2, 2014. His trust fund account statement should cover the six-month period beginning approximately November 2, 2013 and ending May 2, 2014. Once plaintiff has submitted the necessary statement, I will calculate his initial partial payment and advise him of the amount he will have to pay. Plaintiff should show a

copy of this order to prison officials to ensure that they are aware they should send a copy of plaintiff's six-month trust fund account statement to this court.

      C.      **Other Filings**

Plaintiff has filed a motion for appointment of counsel and a supplement to that motion. Dkt. 4, 13. The term "appoint" is a misnomer, as I do not have the authority to appoint counsel to represent a pro se plaintiff in this type of a case; I can only recruit counsel who may be willing to serve in that capacity. In any case, I will deny plaintiff's motion as premature. In deciding whether to try to recruit counsel for plaintiff, I must first find that he has made a reasonable effort to find a lawyer on his own and has been unsuccessful. *Jackson v. County of McLean*, 953 F.2d 1070 (7th Cir. 1992). To prove that he has made reasonable efforts to find a lawyer, a plaintiff should give the court rejection letters from at least three lawyers, which plaintiff has accomplished.

In addition, a court will seek to recruit counsel for a pro se litigant only when he demonstrates that his is one of those relatively few cases in which it appears from the record that the legal and factual difficulty of the case exceeds his ability to prosecute it. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). It is simply too early in this case to make that determination. At this point, plaintiff's tasks are to amend his complaint to better explain whether he qualifies to proceed *in forma pauperis* under the imminent danger exception and to submit his trust fund account statement. Although plaintiff suffers from mental illnesses, given his filings in this and other cases he should be able to complete these simple steps. If later developments in the case show that plaintiff is unable to represent himself, he is free to renew his motion at that time.

Finally, plaintiff has filed a letter stating that he went on a hunger strike to protest prison staff's failure to protect him from other inmates. Dkt. 10. He also states, "They put me in the hole. I've do[ne] 80 something days without a step 2 or step 3," by which I understand plaintiff to be saying that he has been placed in administrative confinement or "program" segregation, *see Marion v. Radtke*, 2010 WL 2429724 (W.D. Wis. June 11, 2010) (explaining "steps" in administrative confinement). Plaintiff is unclear about what type of action he would like the court to take regarding these problems. In any case, I must disregard plaintiff's letter because his new allegations about administrative confinement seem to be unrelated to the allegations in his complaint regarding the conditions of his confinement while in observation. Plaintiff is free to amend his complaint to include these new allegations, and the court will consider them at screening if they may be properly brought in the same lawsuit as his allegations regarding the conditions in observation. *See* Fed R. Civ. P 18 (unrelated claims against same defendants may be bought in one lawsuit) and 20 (claims against different defendants may be brought in same lawsuit if they arise "out of the same transaction, occurrence, or series of transactions or occurrences").

**ORDER**

IT IS ORDERED that

1. Plaintiff Damien Green may have until August 18, 2014 to submit an amended complaint explaining whether he was in imminent danger of serious physical injury at the time he filed his original complaint.

2. Plaintiff may have until August 18, 2014, in which to submit a certified copy of his trust fund account statement as discussed above. If plaintiff fails to respond to this portion of the order, I will assume that he wishes to withdraw this action voluntarily. In that event, the clerk of court is directed to close this case without prejudice to plaintiff filing his case at a later date.

3. Plaintiff's motion for appointment of counsel, Dkt. 4, 13, is DENIED without prejudice.

Entered this 28th day of July, 2014.

                                              BY THE COURT:
                                              /s/

                                              JAMES D. PETERSON
                                              District Judge