IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAMIEN GREEN,

        Plaintiff,

v.

DAWN M. LAURENT, KARAN ANDERSON,
DR. NORGE, DS-1 UNIT MANAGER MELBY,
SECURITY DIRECTOR WEBBER, MICHAEL MEISNER,
DR. WOOD, LT. MORRISON, and JOHN DOES,

        Defendants.

ORDER

14-cv-326-jdp

---

    Pro se plaintiff Damien Green, a prisoner incarcerated at the Columbia Correctional Institution, is proceeding on claims that he was allowed to stockpile medication while he was placed in observation, enabling him to attempt suicide by overdosing. In a March 13, 2015 order, I granted plaintiff's motion for the court's assistance in recruiting counsel to represent him and stayed the proceedings. Dkt. 53.

    The court has successfully located counsel for plaintiff. Attorney Erin Rome of the law firm Haley Palmersheim, S.C. has agreed to represent plaintiff, with the understanding that she will serve with no guarantee of compensation for her services. It is this court's intention that the scope of Attorney Rome's representation extends to proceedings in this court only.[1]

    Plaintiff should understand that because he is now represented in this case, he may not communicate directly with the court from this point forward. He must work directly with his lawyer and must permit her to exercise her professional judgment to determine which

---

[1] "Proceedings in this court" include all matters leading up to a final judgment on the merits, the filing of a notice of appeal, if appropriate, and ensuring that all steps are taken to transfer the record to the Court of Appeals for the Seventh Circuit.

matters are appropriate to bring to the court's attention and in what form. Plaintiff does not have the right to require counsel to raise frivolous arguments or to follow every directive he makes. He should be prepared to accept the strategic decisions made by his lawyer even if he disagrees with some of them. If plaintiff decides at some point not to work with this lawyer, he is free to end the representation, but plaintiff should be aware that it is unlikely that the court will recruit a second lawyer to represent him. As stated in the March 13 order, a preliminary pretrial conference will be scheduled, at which time a schedule for the remainder of the case will be set.

Following the March 13 order, plaintiff filed a number of motions, including a motion for reconsideration of the portion of the screening order denying him leave to proceed *in forma pauperis* on his claim about being placed in a cold, unsanitary cell, as well as several motions for injunctive relief. I will deny all of these motions.

In plaintiff's motion for reconsideration, he seems to concede that he was taken out of the cells with cold and unsanitary conditions before he filed his complaint, which means that plaintiff fails to show that he was in imminent danger of serious physical harm regarding these conditions and is thus ineligible for *in forma pauperis* status. Additionally, plaintiff's motions for injunctive relief do not follow this court's procedures for briefing on such motions. Now that plaintiff has counsel, he can consult with her about the best way to pursue injunctive relief as the case proceeds.

ORDER

IT IS ORDERED that:

1. The clerk of court is directed to set a preliminary pretrial conference before Magistrate Judge Stephen Crocker to set the schedule for the remainder of the proceedings in this lawsuit.

2. All of plaintiff's pending motions are DENIED.

Entered July 16, 2015.

                                      BY THE COURT:
                                      /s/

                                      JAMES D. PETERSON
                                      District Judge