IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAMIEN GREEN,

        Plaintiff,

v.

DAWN M. LAURENT, *et al.*

        Defendants.

ORDER

14-cv-326-jdp

---

Pro se plaintiff Damien Green, a three-strike pro se plaintiff, is proceeding on claims that he was allowed to stockpile medication while he was placed in observation at the Columbia Correctional Institution, enabling him to attempt suicide by overdosing. Because this case raised potentially complex issues relating to mental health care, Judge Peterson granted plaintiff's motion for the court's assistance in recruiting counsel to represent him. *See* dkt. 53, at 8-9. Judge Peterson subsequently granted counsel's motion to withdraw after plaintiff sent her sexually explicit and inappropriate letters. *See* dkt. 95. Plaintiff then was transferred to the Waupun Correctional Institution. Plaintiff has filed several motions regarding recruitment of counsel and discovery, which I will address in turn below.

ANALYSIS

**I. Recruitment of Counsel**

In a December 11, 2015 order, the court allowed plaintiff's previously recruited counsel to withdraw from the case after plaintiff sent her inappropriate and sexually explicit letters, stating:

> Volunteer attorneys willing to represent indigent parties in litigation are a scare resource. Plaintiff has abused the privilege provided to him, and I will not recruit new counsel unless plaintiff can show an immediate need of medical assistance that prison officials refuse to provide and that is connected to this case. Given plaintiff's abuse of previous counsel and his recent transfer away from the

Columbia Correctional Institution, where he received the treatment that forms the basis of his claims, it is unlikely that I would consider recruiting new counsel in this case.

Dkt. 95, at 2.

Unabashed, plaintiff has filed two motions asking the court to recruit *another* lawyer to represent him, the first blaming the attorney for what happened (Dkt. 97), the second taking a less confrontational tone, but asserting that the court should excuse plaintiff's repeated misbehavior and recruit a second scarce volunteer attorney to help him. (Dkt. 102). Both motions are denied. Plaintiff has not met the conditions that Judge Peterson set in his December 11 order that require plaintiff to show that he is in immediate need of medical assistance connected to this case. Dkt. 97 & 102. Plaintiff actually has been transferred away from the alleged harm that formed the basis of his claims.

I will address some of plaintiff's concerns about his ability to litigate these steps below.

**II. Motion to Compel**

Plaintiff has filed a motion to compel discovery of various items, including his health and psychological records, incident reports, inmate grievances, "work history reports" and complaints against each of the defendants, a "full copy of 1983 lawsuit" and videos of the various times he has overdosed. Dkt. 118.

Plaintiff does not attach defendants' responses to his particular discovery requests, nor does he state that he has attempted to resolve disputes about the adequacy of the State's responses with the AAG who is handling this case. The State responds that plaintiff sent them his signed release form for his medical records *after* he filed his motion to compel; when the State

2

has received these records, it they will send a copy to plaintiff. (Dkt. 120 at 2). Otherwise, the State reports that it sent plaintiff the relevant incident reports and other documents that were responsive to his discovery requests. *Id.* at 3. To the extent that plaintiff believes that the State has failed to meet its discovery obligations after the explanations they have provided here, he may renew his motion. That said, the court will not grant any renewed motion to compel absent a more detailed showing and explanation by plaintiff as to what he still needs from the State that the AAG will not give him. Plaintiff should ***not*** renew his motion to compel regarding a "full copy of 1983 lawsuit," Plaintiff already should have a copy of each document filed by the parties in this case. Plaintiff may request additional copies from the clerk of court, but he will be charged for the copying.

### III. Legal Materials

Plaintiff has filed motions for orders to force defendants to turn over legal materials that were in the possession of his court-recruited attorney. Dkt. 103 & 114. He states that when the representation ended, his attorney sent him materials on a flash drive and in a box.[1] But plaintiff received neither the flash drive nor the box. The State responds that prisoners at WCI are not allowed to have flash drives; the State further reports a box of materials was sent to plaintiff, but they were destroyed it because the box contained "pornographic materials and prescription medications. . . . [and] did not contain any legal mail." Dkt. 108 at 1. After plaintiff asked for

---

[1] Plaintiff states that he received a conduct report for medications that were in the incoming box of materials, and that he has non-legal personal possessions in the box that were not returned to him. To the extent that plaintiff complains about prison staff's actions in punishing him for the drugs or confiscating personal non-legal material, those issues are beyond the scope of this lawsuit.

the flash drive to be sent to Peg Swan, whom I understand to be a prisoner-rights advocate, the State says that it sent the flash drive to her. Plaintiff submits a letter from Ms. Swan stating that she did not receive the flash drive.

Based on letters from the law firm formerly representing plaintiff that discuss the materials, it is difficult to believe that there were no legal materials in the box destroyed by WCI employees. I am also perplexed by the seeming inability of the postal service to successfully deliver the flash drive from point A to point B. Even so, there is no need at this point to hold a hearing to determine what happened to these items. The key evidence seems to be medical and disciplinary records that the State should be able to provide plaintiff through discovery, and plaintiff does not describe what other types of evidence were contained in the box or on the flash drive that cannot be replicated. Therefore, I will deny plaintiff's motions without prejudice.

The State already has outlined a plan for giving plaintiff copies of at least some of the documents that he will need to litigate the case. I urge plaintiff to make proper discovery requests to defendants and to communicate with the AAG to obtain those documents as quickly as possible. Although the court is granted a short extension of the dispositive motions deadline below, plaintiff's time to obtain documents is relatively short, and I expect the State to respond to his requests quickly enough so that he may respond to defendants' imminent motion for summary judgment. If plaintiff deems the State's discovery responses unsatisfactory, then he may renew his motion to compel but as above, he will have to explain in detail the types of information he asks for that he has not received and why he needs them.   Plaintiff also should

4

double-check with Ms. Swan to make sure that she has not subsequently received the flash drive.[2]

### IV. Motion to Stay

Plaintiff has filed a motion to stay discovery and the dispositive motions deadline pending the court's decision on finding him new counsel. Dkt. 112. As stated above, the court will not recruit another lawyer for plaintiff given his misconduct. In an April 29, 2016 order, the court extended the dispositive motions deadline to May 20, 2016. Dkt. 127. The case will proceed under that extended deadline.

### V. Motions for Transfer

Plaintiff has filed two motions stating that his transfer to the Waupun Correctional Institution has put him in danger because he has been placed with two inmates against whom he has previously been issued separation orders. Dkt. 96 & 101. Plaintiff asks to be transferred to a new prison. The State responds that there is no separation order against one of the inmates, and other inmate is placed in a separate unit, without the capacity to harm plaintiff. Plaintiff has replied by stating that one of the inmates is encouraging other inmates to threaten or harass him.

---

[2] This assumes that Ms. Swan would take action with the flash drive to assist plaintiff in litigating this case, such as making hard copies of documents to send to plaintiff. If Ms. Swan's role is limited to holding onto the flash drive for plaintiff or using it for non-case-related purposes, the failure of prison staff to get the flash drive to Ms. Swan is an issue outside the scope of this case.

While this court takes allegations of threats and harassment seriously, plaintiff's new allegations of prison staff neglect do not realistically belong in this lawsuit, because they involve new threats of danger caused by different defendants. *See* Fed. R. Civ. P. 18 & 20. I encourage plaintiff to notify WCI staff about any threats he receives, and if he thinks it is appropriate, to file a new lawsuit about that danger. But I must deny his current motions because the relief he requests is outside the scope of this current claims about his treatment at a different prison.

## ORDER

It is ORDERED that:

(1) Plaintiff Damien Green's motions for recruitment of counsel (dkts. 97 & 102) are DENIED.

(2) Plaintiff's motion to compel discovery (dkt. 118) is DENIED without prejudice.

(3) Plaintiff's motions for defendants to turn over legal materials contained in a box and on a flash drive (dkts. 103 & 114), are DENIED without prejudice.

(4) Plaintiff's motion to stay discovery and the dispositive motions deadline (dkt. 112) is DENIED.

(5) Plaintiff's motions for transfer to a new prison (dkts. 96 & 101) are DENIED.

Entered this 9th day of May, 2016.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge