IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAMIEN GREEN,

Plaintiff,

v.

DANIEL NORGE,

Defendant.

ORDER

14-cv-326-jdp

---

Plaintiff Damien Green, appearing pro se, is a prisoner at Columbia Correctional Institution. Green alleges that defendant Daniel Norge, a psychological associate at the prison, twice delayed in getting Green help after he overdosed on medication. Trial is scheduled for March 11, 2019. The court will hold a final pretrial conference by phone on March 4. At this conference, I will review with Green his obligations for trial and I will give him an opportunity to raise any questions or concerns before trial.

In this order, I will address some of the parties' pretrial submissions in advance of the pretrial conference. I also have attached semi-final versions of the voir dire and introductory jury instructions. I have added most of the voir dire questions proposed by the parties or I have added similar questions that the court often uses in cases with a prisoner plaintiff. I have not included Green's proposed question No. 5, in which he appears to be asking a question about how hypothetical inmates would be treated by psychological staff at CCI. Norge is correct to object to this question, because it is almost certainly outside the scope of potential jurors' knowledge and would not help the parties gain any relevant knowledge about the juror pool.

Green has filed a motion in limine to exclude his disciplinary and criminal records. Dkt. 210. Norge states that he does not intend to use Green's criminal records, and that he

does not intend to directly present Green's disciplinary record. But Norge does intend to present testimony about the general reasons an inmate might be placed in segregation or in observation status. And he intends to present information contained in Green's psychological records, he reserves the right to use disciplinary records for impeachment, and he may use a particular conduct report to refresh Green's recollection. I will grant Green's motion in principle but I will ask Norge to further explain these proposed uses of this evidence at the pretrial conference.

I note that in his motion in limine, Green says that he plans to send the court copies of his opening and closing statements. He is not required to do that.

Norge has filed two motions in limine. Dkt. 205. Norge's first motion in limine seeks to exclude from trial any argument, questions, testimony, or evidence regarding the causation of physical injury, future care and treatment, or future pain and suffering. I will grant this motion, with a clarification. Neither Green nor any of his proposed witnesses have the knowledge or expertise to analyze hospital records or toxicology reports or to testify about whether Green's overdoses caused him specific physical injuries that will affect him in the future. But Green may describe his own understanding of his physical health and his personal experience of the overdoses. He can describe any physical or mental symptoms he experienced. He may also cross-examine any witness presented by Norge who testifies about whether the overdose caused Green any physical injuries. Green may introduce records from his hospital stays, but he may not give opinions about whether the hospital records prove that his overdoses caused him any physical injury.

Norge's second motion in limine seeks to exclude any argument, questions, testimony, or evidence regarding lawsuits, complaints, or newspaper articles relating to the DOC or

defendant. I will grant this motion. Even without the parties explaining what specific pieces of evidence might be at issue, it is difficult to see how other lawsuits or newspaper articles would have probative value outweighing the potential for prejudice. And under Rule 404 of the Federal Rules of Evidence, other alleged bad acts by Norge would be inadmissible to show that he has a propensity to behave in a certain way.

Green has filed a motion asking for copies of all of the documents he has submitted in the case because he does not have money to make copies. The clerk of court informs me that Green's submissions total 652 pages, so ordinarily, at a cost of 10 cents a page, the court would require Green to pay $65.20 for those copies. For trial, Green does not need copies of most of the documents he has filed. The important ones are the exhibits he plans to use, but he did not file an exhibit list; he said that he would send it later but he never did so. *See* Dkt. 208. It is likely that many of the documents that Green intends to use as exhibits are already included in Norge's exhibits, so he would not need additional copies of those documents. Green should submit his exhibit list immediately, so that it can be discussed at the March 4 hearing. I will deny Green's motion for copies because, at present, he does not explain what documents he needs.

Green has filed a list of proposed witnesses, including six fellow inmates. Dkt. 208. Norge objects because Green filed this list a week and a half after his deadline, Green did not comply with this court's procedures by explaining whether each witness is willing to testify voluntarily and what the witness intends to testify about, and most of the proposed witnesses did not actually live on the same unit as Green during the two overdoses at issue here, so they would not be able to testify about those events. Norge says that only proposed witnesses Christopher Goodvine and Gregg Phillips lived on the same unit at the time in question, and

he requests that these witnesses testify by video, if they be allowed to testify at all. I will take up that issue at the March 4 hearing. I will not allow any of these witnesses to testify unless Green can explain whether they are willing to testify voluntarily and what they intend to testify about.

There are some final issues to discuss about Green's preparations for trial. In his motion in limine, Green also states that "plaintiff [doesn't] want to be a witness." Dkt. 210, at 1. This statement is concerning because Green has the burden of proving his claims by presenting evidence showing that Norge violated his rights. It would be extremely unusual for a plaintiff not to testify on his own behalf, because the plaintiff's firsthand experiences are often the most direct evidence he can bring. And in any event, a civil case is different from a criminal prosecution: Green cannot refuse to testify if Norge calls him as an adverse witness.

If not for his own testimony, it is unclear what evidence Green will bring to prove his claims. As discussed below, Green has not provided an exhibit list and he does not explain what any of his proposed witnesses plan to say. There is no reason for the court, the parties, and the people proposed as witnesses or enlisted as prospective jury members to take part in a trial if Green does not have any evidence to put on. So at the March 4 hearing, I will discuss further with Green what evidence he intends to bring.

Along with his witness list, Green states that he wants "more time" because he has never taken part in a trial and he is "[h]aving medical surgery on his foot very soon." Dkt. 208, at 2. He also asks whether another inmate can represent him at trial. Green cannot be represented by another non-lawyer at trial, so he will have to conduct the trial himself. He should consult the court's orders, particularly the preliminary pretrial conference order, the court's trial preparation order, and the procedures attached to those orders.

4

I am not sure what Green means by "more time"—whether he seeks more time to file pretrial disclosures or whether he seeks to postpone the trial. I would not postpone the trial short of an extremely serious scheduling conflict. A pending medical procedure could be a reason to consider rescheduling the trial, but Green does not explain when he is having surgery. He should be prepared to discuss that at the March 4 hearing.

ORDER

IT IS ORDERED that:

1.  The parties' motions in limine, Dkt. 205 and Dkt. 210, are GRANTED, consistent with the explanations given in this order.

2.  Plaintiff's motion for copies, Dkt. 211, is DENIED.

Entered February 25, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge